In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00063-CV

_____

DANIEL D. CLAYTON, PAMELA DODSON,
AND TROY DODSON, Appellants

V.

OLDCASTLE MATERIALS TEXAS, INC., Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-200,934

MEMORANDUM OPINION

In this interlocutory appeal, Appellants, Daniel D. Clayton, Pamela Dodson,

and Troy Dodson,[1] challenge the trial court's denial of their motion to dismiss under

the Texas Citizens Protection Act (TCPA or the Act). *See* Tex. Civ. Prac. & Rem.

_____

[1] Pamela Dodson does business as L.D. Construction and Troy Dodson is L.D. Construction's general manager. Both Pamela and Troy, a married couple, present identical arguments, filed joint pleadings, filed joint appeals, and are represented by the same counsel. For purposes of this appeal, we may refer to Pamela and Troy collectively as the Dodsons, or to L.D. Construction as Pamela and Dodson as Troy.

1

Code Ann. §§ 27.001–.011 (West 2015). Oldcastle Materials Texas, Inc.[2] initiated the underlying cause by filing a Rule 202 petition seeking pre-suit depositions of Appellants to investigate potential claims related to tortious interference of a business relationship, disparagement, defamation, breach of settlement agreement, and conspiracy. *See* Tex. R. Civ. P. 202 (Depositions Before Suit or to Investigate Claims). Appellants moved to dismiss Oldcastle's Rule 202 petition under section 27.003 of the TCPA, contending the petition was "based on, relate[d] to," and "in response to" Appellants' "exercise of the right of free speech, right to petition, [and] right of association[.]" *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001(2), (3), (4), 27.003(a). Because we conclude the TCPA does not apply to Oldcastle's Rule 202 pre-suit petition against the Dodsons—as Oldcastle established the commercial-speech exemption applied to those claims—we affirm the trial court's order denying Appellants' motion to dismiss and remand for further proceedings consistent with this opinion. *See id.* § 27.010(b). But because Clayton established the affirmative defense of attorney immunity, we further conclude Clayton has a right to be dismissed from Oldcastle's Rule 202 petition under the Act.[3] *See id.* § 27.005(d).

---

[2] Throughout the pleadings and evidence, Oldcastle Materials Texas, Inc. is also called Gulf Coast, and APAC-Texas. For purposes of this appeal, we refer to the party as Oldcastle.

[3] Undisputedly, Daniel D. Clayton served as the Dodsons' attorney in past proceedings and until other counsel was substituted in this case. It is also undisputed that Clayton acts as the City of Beaumont's attorney in some matters.

We reverse the trial court's order denying Clayton's motion to dismiss and remand to the trial court to dismiss Oldcastle's Rule 202 petition against him and determine costs and attorney's fees as directed under section 27.009(a) of the Act. *See id.* § 27.009(a).

## I. Background

Oldcastle provides paving materials to paving contractors and has been in business for years providing its materials to customers throughout Southeast Texas, including the City of Beaumont. L.D. Construction has worked as a paving contractor for the City for many years. L.D. Construction had routinely used Oldcastle's materials and had publicly complimented the quality of Oldcastle's materials in the past. In 2015, L.D. Construction purchased its own small local materials plant and became a materials competitor to Oldcastle. After L.D. Construction purchased the materials plant, Oldcastle contends the Dodsons and Clayton engaged in conduct for their own benefit by falsely disparaging Oldcastle's materials, thereby interfering with its business relations with the City and causing Oldcastle to lose some potential contracts. In November 2017, although the lowest bidder, the City rejected Oldcastle's bids that involved projects to resurface streets and instead, awarded the contracts to higher bidders, L.D. Construction and another contractor.

Oldcastle filed a Verified Petition to Take Depositions Before Suit to Investigate Potential Claims. *See* Tex. R. Civ. P. 202.2. In its Rule 202 Petition, Oldcastle sought to take pre-suit depositions of the Dodsons, Clayton, and several of the City's employees to investigate pursuing claims such as defamation, tortious interference, and conspiracy, all of which allegedly stemmed from the City's decision to award the resurfacing projects to L.D. Construction and another contractor. That same day, and before any parties were served with Oldcastle's notice, the trial court signed an order granting Oldcastle's request seeking pre-suit discovery. *See* Tex. R. Civ. P. 202.3(a).

Appellants, as well as the City, moved to dismiss, based on their rights under the TCPA, claiming that Oldcastle's Rule 202 petition sought information about potential claims that were based on, related to, or filed in response to Appellants' exercise of free speech, right to petition, or right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003. Clayton supplemented Appellants' joint motion also arguing that any potential claims against him would be barred by attorney immunity since he acted in his capacity as the attorney for the Dodsons and the City.

Oldcastle responded by filing a second amended Rule 202 petition, reasserting its claim seeking the pre-suit depositions of the Dodsons and Clayton so that it could investigate potential claims based on tortious interference, disparagement,

4

defamation, breach of settlement, and conspiracy. Oldcastle alleged that the pre-suit depositions would permit it to identify proper parties and narrow its claims, actions it alleged that it could not achieve without obtaining the discovery unless it sued. It also argued that the benefits of the discovery would outweigh the burden or expense associated with the undertaking. In its amended Rule 202 petition, Oldcastle also raised several separate claims as to the City. We note that the City is no longer a party to this appeal.[4]

Oldcastle responded to Appellants' motion to dismiss, and it disputed that its Rule 202 petition was based on, related to, or filed in response to Appellants' exercise of their rights to free speech, right to petition, or right of association. Oldcastle also argued the Act did not apply to the Dodsons or Clayton because of the commercial-speech exemption provided by the TCPA. In the alternative, Oldcastle asserted that if the Act did apply, it met its burden to defeat Appellants' motion to dismiss by presenting a prima facie case for its Rule 202 petition.

Oldcastle claims that both the Dodsons and Clayton, along with the City, engaged in actions which caused Oldcastle to lose bids on potential contracts with

---

[4] The City of Beaumont, including Mayor Becky Ames, Dr. Joseph Majdalani, and several of the City's employees or representatives filed a notice of appeal from the trial court's ruling. But after filing its brief, the City, and its employees and representatives filed an agreed motion to dismiss their appeal, which the Court granted.

5

the City. Oldcastle alleges the Dodsons' disparaging remarks about Oldcastle's materials used on City projects impugned the quality of the products provided by Oldcastle. According to Oldcastle, the Dodsons intentionally misrepresented to the City that expert reports from a prior lawsuit between Oldcastle and L.D. Construction over a paving project at the Port of Beaumont pointed to Oldcastle as the party responsible for a paving failure on that project to influence whether the City would accept Oldcastle's bids on future projects. Oldcastle alleged the Dodsons harmed its reputation to gain a competitive advantage over Oldcastle.

As proof, Oldcastle attached emails between Dodson and certain City representatives discussing Dodson's claim blaming Oldcastle for a pavement failure at the Port and on several other paving projects where L.D. Construction had been the contractor that installed the paving. According to Oldcastle, the expert reports the Dodsons relied on to reach their conclusions were incomplete and misleading. Oldcastle explained that during the prior lawsuit, the experts cautioned that their reports should not be interpreted as critical of the quality of Oldcastle's paving materials provided to the Port since the experts performed their tests after the materials had been laid. For that reason, the tests could not be used to determine whether that project failed due to the quality of the products acquired from Oldcastle. Oldcastle also attached excerpts from the depositions of the expert witnesses to its

pleadings. To prove it was damaged, Oldcastle alleged the City did not award it two contracts although it was the low bidder by finding that Oldcastle was not a responsible bidder. The minutes from a City council meeting, included in the information that Oldcastle provided to the trial court, shows that Oldcastle was the lowest bidder on the projects, but its bids were rejected.

As for Clayton, Oldcastle argued, generally, that he disclosed details about a confidential settlement agreement in a prior lawsuit between Oldcastle and L.D. Construction and information about other City paving projects that involved Oldcastle and L.D. Construction. To support its Rule 202 petition seeking discovery against Clayton, Oldcastle attached copies of an email chain between a member of Clayton's staff, Dodson, and various City employees.

Following a hearing, the trial court denied the motion to dismiss that was filed under the TCPA. The ruling allowed Oldcastle's Rule 202 petition to move forward. Appellants filed notices of accelerated appeal which stayed all proceedings in the trial court pending our resolution of the parties' appeals. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12), (b) (West Supp. 2018); Tex. R. App. P. 28.1. In a single issue that is raised by both the Dodsons and Clayton, Appellants contend the trial court was required to dismiss Oldcastle's petition based on their respective rights under the TCPA.

7

## II. Applicable law

### A. The Texas Citizens Protection Act

The TCPA protects citizens from retaliatory legal actions seeking to silence or intimidate them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The Act provides a special procedure for the expedited dismissal of such suits. *See In re Lipsky*, 460 S.W.3d at 586. The TCPA movant has the initial burden to show by a preponderance of the evidence that the action is based on, relates to, or is in response to the party's exercise of the right of free speech, to petition, or of association. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003, 27.005(b); *In re Lipsky*, 460 S.W.3d at 586. If the movant satisfies this burden, the burden shifts to the petitioner to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c); *In re Lipsky*, 460 S.W.3d at 587. In explaining the "clear and specific evidence" phrase as used in the Act, the Texas Supreme Court explained a plaintiff needs to "provide enough detail to show the factual basis for its claim." *In re Lipsky*, 460 S.W.3d at 590–91. If the petitioner, or nonmoving party, satisfies that requirement, the burden shifts back to the moving party to prove each essential

element of any valid defenses by a preponderance of the evidence. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

Section 27.006 of the TCPA, entitled "Evidence," provides that "[i]n determining whether a legal action should be dismissed . . . the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006. Under this provision, pleadings are to be considered as evidence, regardless of whether they are offered as such. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (explaining under the TCPA, the trial court must consider pleadings irrespective of whether formally offered as evidence); *Walker v. Hartman*, 516 S.W.3d 71, 79 (Tex. App.—Beaumont 2017, pet. denied) (noting pleadings are considered "as evidence" under the Act) (citations omitted).

Despite the TCPA's three-step process for resolving a motion for expedited dismissal, section 27.010 of the Act provides certain exemptions from the Act. Tex. Civ. Prac. & Rem. Code Ann. § 27.010. Applicable to this case, the Act

> does not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

*Id.* § 27.010(b).

## B. Texas Rules of Civil Procedure

Under Rule 202, a person may petition the court for an order authorizing the taking of a deposition to investigate a potential claim or suit. Tex. R. Civ. P. 202.1(b). The trial court must order the deposition if "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." Tex. R. Civ. P. 202.4(a)(2). Rule 202 depositions are not intended to be routinely used. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). Indeed, "[c]ourts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam).

## III. Analysis

Initially we note Oldcastle argues in its brief that the TCPA does not apply to the Dodsons and Clayton because Oldcastle's Rule 202 petition does not seek to investigate claims based on, that relate to, or are in response to Appellant's exercise of their right to free speech, right to petition, or right of association. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). Yet because the information Oldcastle seeks from Appellants' pre-suit depositions pertains to the City, a governmental entity, and its contractors on public projects involving the City, we conclude, absent permitted exceptions, Oldcastle's Rule 202 petition invokes these rights under the Act. *See id.*

10

§§ 27.001(3), (7)(E), 27.002, 27.003(a); *see also State ex rel. Best v. Harper*, 562 S.W.3d 1 (Tex. 2018) (referring to the Act's broad application, including Rule 202 petitions); *In re Elliot*, 504 S.W.3d 455, 465–66 (Tex. App.—Austin 2016, orig. proceeding) (holding that the TCPA's broad definition encompasses a petition under Rule 202). Therefore, Appellants' motion to dismiss was properly considered by the court.

## A. The Dodsons

Oldcastle asserts the TCPA does not apply to the Dodsons because of the commercial-speech exemption provided by the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b). We agree. The Texas Supreme Court recently held the commercial-speech exemption applies when:

> (1) the defendant was primarily engaged in the business of selling or leasing goods, (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides.

*Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam).

The Dodsons, through L.D. Construction, are in the business of selling goods and services—materials for paving projects. Oldcastle also sells paving materials. In the past, the City has purchased materials from both L.D. Construction and

11

Oldcastle, and it continues to be in the market for such goods. Oldcastle's Rule 202 petition concerns discovery of facts surrounding whether L.D. Construction disparaged Oldcastle materials to place it at a competitive advantage to Oldcastle. The record contains sufficient facts to meet the requirements set out in *Castleman*. *See id.*

As to Oldcastle's claims against the Dodsons and L.D. Construction, we conclude the commercial speech exceptions authorized the trial court to deny the motion to dismiss. *See id.*; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b). The ruling is affirmed as to those claims.

**B. Clayton**

Oldcastle also claimed the commercial-speech exemption applied to Clayton because Clayton was acting in his own interest by "selling his legal services to the City as a potential client." We conclude, however, that the commercial speech exception does not make the TCPA inapplicable to Clayton's claims. The Supreme Court explained in *Castleman* that the statute's reference to "'the sale or lease of goods or services[,]'" when read in context, "must refer to *the defendant's* sale or lease of goods or services." 546 S.W.3d at 688 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b)). The speech at issue here related to Oldcastle's products, and Clayton is not in the business of selling material to pave roads. The dispute

12

concerns statements or conduct that does not involve the kind of goods or services that Clayton provides. *Id*. For that reason, we hold the commercial-speech exception does not apply to Clayton and that Clayton may avail himself of the protections of the TCPA if he satisfies the Act's three-part test in section 27.005. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)–(d).

Finally, even if Oldcastle met its burden of establishing a prima facie case for its claims against Clayton, which we need not decide, Clayton was entitled to a dismissal of Oldcastle's petition because he established he was immune based on his role as the Dodsons' and L.D. Construction's attorney. *See id.* § 27.005(c), (d).

Recently, the Texas Supreme Court analyzed whether attorney immunity applies in a TCPA case. *Youngkin v. Hines*, 546 S.W.3d 675, 681–83 (Tex. 2018). The *Hines* Court stated, "an attorney is immune from liability to nonclients for conduct within the scope of his representation of his client." *Id.* at 681 (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). The Court held that "an attorney may be liable to nonclients only for conduct outside the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Id.* (citing *Cantey Hanger*, 467 S.W.3d at 482). "[T]he above inquiry correctly focuses on the *kind* of conduct at issue rather than the *alleged wrongfulness* of said conduct. That is, a lawyer is not more susceptible to liability for a given action merely because

13

it is alleged to be fraudulent or otherwise wrongful." *Id.* (citing *Cantey Hanger*, 467 S.W.3d at 483) (internal citations omitted).

Therefore, we focus on the conduct at issue as it relates to Clayton. *See id.* at 682. In the trial court, Oldcastle complained of Clayton's involvement with the Dodsons and the City about his role while acting as their attorney in disparaging Oldcastle's materials to Oldcastle's detriment. Oldcastle claimed that by doing so, Clayton breached a confidential settlement agreement between L.D. Construction and Oldcastle in another case. Oldcastle also asserts that Clayton's conduct occurred, at least in part, because he wanted the City to hire him to sue Oldcastle for allegedly providing faulty materials, which the City did. Thus, Oldcastle's complaints against Clayton's conduct are traced directly to his role as an attorney representing the Dodsons or the City. While an attorney may become liable to a nonclient for wrongdoing in some instances even though acting for a client, in this case, Oldcastle relies solely on an email chain to support its claims against Clayton. The email chain reflects that Clayton's office merely forwarded the information to his clients. Moreover, Clayton's affidavit shows his conduct occurred in the course of his undertaking to represent the Dodsons and the City. From the evidence, we conclude that Clayton established his affirmative defense of attorney immunity to Oldcastle's Rule 202 claims by the required preponderance of the evidence. *See* Tex. Civ. Prac.

& Rem. Code Ann. § 27.005(d); *see also Hines*, 546 S.W.3d at 683; *Cantey Hanger*, 467 S.W.3d at 484–86. Because Clayton's immune from suit for his role as an attorney for the Dodsons and the City, we conclude the trial court erred when it denied Clayton's motion to dismiss Oldcastle's suit based on his rights under the TCPA.

Clayton requests that the Court remand the case to the trial court, so it can award him costs and attorney's fees, as provided in the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009. Section 27.009 states that when a legal action under the Act is dismissed, the court "shall award" the moving party costs and attorney's fees as provided by the Act. *Id.*; *see also Hines*, 546 S.W.3d at 683. We reverse the trial court's order denying Clayton's motion and remand the case to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

_____
CHARLES KREGER
Justice

Submitted on May 31, 2018
Opinion Delivered February 14, 2019

Before Kreger, Horton, and Johnson, JJ.